Filed 10/14/14  In re T.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re T.M., a Person Coming Under the Juvenile Court Law. | C074456 |
| THE PEOPLE, | (Super. Ct. No. 69026) |
| Plaintiff and Respondent, | |
| v. | |
| T.M., | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

In December 2011 the San Joaquin County District Attorney filed two petitions under Welfare and Institutions Code section 602 as to the 14-year-old minor T.M.  The first petition alleged discharging a firearm in a grossly negligent manner, a felony

1

(count 1; Pen. Code, § 246.3);[1] resisting a peace officer, a misdemeanor (count 2; § 148, subd. (a)(1)); possession of a firearm by a minor, a felony (count 3; former § 12101, subd. (a)(1) [now §§ 29610, 29700, added by Stats. 2010, ch. 711, § 6]); and possession of ammunition by a minor, a misdemeanor (count 4; former § 12101, subd. (b)(1)).  The second petition alleged first degree burglary, a felony (count 1; § 459); attempted grand theft of personal property, a felony (count 2; §§ 664/487, subd. (a)); conspiracy to commit burglary, a felony (count 3; § 182, subd. (a)(1)); and disturbing the peace, a misdemeanor (count 4; § 415, subd. (1)).

The district attorney found the minor eligible to be considered by the juvenile court for deferred entry of judgment (DEJ) on both petitions and the court ordered the probation department to prepare a DEJ suitability report.

In January 2012 the district attorney filed a subsequent wardship petition, alleging first degree burglary, a felony (count 1; § 459), and receiving stolen property, a felony (count 2; § 496, subd. (a)).  Again, the district attorney determined that the minor was eligible to be considered by the juvenile court for DEJ.

Later in January 2012 the minor waived his rights and admitted count 1 of each of the three petitions.  The juvenile court declared the admitted offenses to be felonies and dismissed all remaining counts in the interest of justice.  Determining that the minor was not suitable for DEJ, the court adjudged him a ward of the court and placed him on probation with a 60-day commitment to juvenile hall, followed by release to his mother's custody.

In November 2012 the district attorney filed a petition to violate the minor's probation, alleging he failed to attend school and was suspended for misconduct.  The minor admitted the allegations.  The juvenile court continued him on probation and

---

[1] Undesignated statutory references are to the Penal Code.

committed him to juvenile hall for 90 days, to be suspended on completion of the "Reconnect Program."

In May 2013 the district attorney filed a second subsequent wardship petition, alleging first degree burglary, a felony (count 1; § 459); conspiracy to commit burglary, a felony (count 2; § 182, subd. (a)(1)); possession of a firearm by a minor, a felony (count 3; former § 12101, subd. (a)(1)); vandalism under $400 in damage, a misdemeanor (count 4; § 594, subd. (a)); and possession of ammunition by a minor, a misdemeanor (count 5; former § 12101, subd. (b)). As to count 1, the petition alleged that the minor was armed with a firearm. (§ 12022, subd. (a)(1).) The petition requested a hearing on whether the minor was a fit and proper subject to be dealt with under juvenile court law. (§ 707, subd. (a)(2).)

Based on the same allegations as in the second subsequent wardship petition, the district attorney also filed a petition to violate the minor's probation.

The juvenile court ordered the probation department to prepare a fitness report. The report concluded the minor was not a fit and proper subject to be dealt with under juvenile court law.

According to the probation officer's report, on December 20, 2011, Stockton police officers responding to a report of juveniles shooting a gun found the minor in possession of a handgun, and two casings were recovered at the scene; the minor admitted firing the gun at a residence. On April 1, 2011, the minor and another juvenile were cited for engaging in mutual combat. On July 7, 2011, officers found the minor and another juvenile inside a residence, with a third outside acting as a lookout; a duffel bag, backpack, and purses were found on the living room floor, containing property that the homeowners later identified as theirs. On November 21, 2011, the minor and two other juveniles broke into a residence, where they were caught. On May 9, 2013, the minor and two other persons broke into a residence and ransacked it, then fled after the police arrived; when found, the minor admitted possessing a loaded firearm.

3

At a hearing in June 2013 the juvenile court found the minor unfit to be dealt with under juvenile court law and ordered the matter referred to the district attorney for prosecution of the minor as an adult.  The court subsequently dismissed the second subsequent wardship petition and discharged the probation violation petition.  The minor filed a timely notice of appeal.

We appointed counsel to represent the minor on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d 436.)  The minor was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from the minor.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to the minor.

## DISPOSITION

The order appealed from is affirmed.


                                                             RAYE            , P. J.



We concur:



           BUTZ          , J.



           MAURO        , J.



4